UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Christine M. Hanna,

Debtor

Chapter 13
Case No. 14-10764

**ORDER GRANTING IN PART**
**FIRST FEE APPLICATION OF JOSEPH M. BALDACCI, ESQ.**

Joseph M. Baldacci, Esq., (the "Applicant") filed the First Application of Law Office of Joseph M. Baldacci for Compensation of Legal Services [Dkt. No. 58] (the "Fee Application"). Notice of the hearing to consider the Fee Application was provided in accordance with the applicable provisions of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. In the absence of enduring objections to the Fee Application, the Court has reviewed the Fee Application and the docket in this case.

Based upon this review, and in light of the factors set forth in 11 U.S.C. § 330(a)(3), the Court grants the Fee Application in part, but awards compensation less than that requested. *See* 11 U.S.C. § 330(a)(2). Specifically, the Court disallows or reduces compensation for the following services shown on the billing detail supporting the Fee Application:

- Compensation for the 0.5 hours ($40.00) billed by Ms. McKay on November 7, 2014 for filing a motion to convert is disallowed under 11 U.S.C. § 330(a)(3)(B). The Court generally "views the filing of documents on the docket as clerical work that is not compensable at . . . paralegal rates. This is the type of work that can and should be done by a legal assistant or secretary with proper training and little to no supervision by an attorney." In re Abbott, No 11-10059, 2016 WL 1643861, at *2 (Bankr. D. Me. Apr. 22, 2016).

- Compensation for the 0.5 hours ($45.00) billed by Ms. McKay on December 9, 2014 for filing a chapter 13 plan, notice of hearing, proposed order, and certificate of service, and mailing copies to creditors is disallowed under 11 U.S.C. § 330(a)(3)(B).

- Compensation for the 0.3 hours ($27.00) billed by Ms. McKay on December 18, 2014 for preparing and filing a motion to extend time is disallowed in part under 11 U.S.C. § 330(a)(3)(B). Compensation for these lumped tasks will be awarded to the extent of 0.2 hours ($18.00), which the Court imputes to the task of preparing the motion.

- Compensation for the 0.2 ($18.00) hours billed by Ms. McKay on January 8, 2015 for reviewing and filing amended schedules is disallowed in part under 11 U.S.C. § 330(a)(3)(B). Compensation for these lumped tasks will be awarded to the extent of 0.1 hours ($9.00), which the Court imputes to the task of reviewing the amended schedules.

- Compensation for the 0.4 hours ($36.00) billed by Ms. McKay on February 3, 2015 for emailing the trustee's office and filing a request to continue is disallowed in part under 11 U.S.C. § 330(a)(3)(B). Compensation for these lumped tasks will be awarded to the extent of 0.2 hours ($18.00), which the Court imputes to the task of emailing the trustee's office.

- Compensation for the 0.3 hours ($27.00) billed by Ms. McKay on March 11, 2015 for emailing the trustee's office and filing a withdrawal of the plan is disallowed in part under 11 U.S.C. § 330(a)(3)(B). Compensation for these lumped tasks will be awarded to the extent of 0.2 hours ($18.00), which the Court imputes to the task of emailing the trustee.

In light of the foregoing reductions, the Applicant is awarded $5,370.50 as reasonable compensation for actual, necessary services rendered between August 5, 2014 and August 4, 2017, and $18.62 as reimbursement for actual, necessary expenses, for a total award of $5,389.12. This award is made under 11 U.S.C. § 331, and is subject to revision on a final fee

application by the Applicant. Moreover, to the extent that the trustee pays all or a part of the fees and expenses awarded by this order, such payment is subject to disgorgement by the Applicant if the amount of fees and expenses ultimately allowed under 11 U.S.C. § 330 exceeds the amount of the trustee's payment.

Dated: September 11, 2017

/s/ Michael A. Fagone
Michael A. Fagone
United States Bankruptcy Judge
District of Maine